UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

OTIS MICHAEL BRIDGEFORTH,

        Plaintiff,

  -against-                                  1:11-CV-0434 (LEK/DRH)

SCHENECTADY COUNTY
COMMUNITY COLLEGE, *et al.*,

        Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

On April 18, 2011, Plaintiff Otis Michael Bridgeforth ("Plaintiff") filed a Complaint asserting that Defendants: (1) violated his Fourteenth Amendment right to due process of law; and (2) engaged in a conspiracy to violate antitrust laws. See Dkt. No. 1 ("Complaint"). Presently before the Court is Defendants' Motion to dismiss Plaintiff's Complaint in its entirety. Dkt. No. 12 ("Motion").

**II.    BACKGROUND**

Plaintiff alleges that he was accepted to attend Schenectady County Community College ("SCCC"). Compl. at 4. However, because he was arrested on a weapons charge in August 2007, Plaintiff never actually attended SCCC. Id. at 8. In September 2007, Defendants placed Plaintiff's federal loans into default, thereby causing a "loss of monetary deprivation and loss of educational and athletic opportunities." Id. at 4. Plaintiff first discovered that he was in default when he contacted the United States Department of Education on February 11, 2010. Id. Plaintiff claims that Defendants placed him in default status without due process of law, and as part of a conspiracy to violate the antitrust laws. See generally id.

**III.    STANDARD OF REVIEW**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff's complaint must plead sufficient facts to suggest a plausible claim for relief. Bell Atlantic v. Twombly, 550 U.S. 544, 563 (2007). The court must accept all factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. In re NYSE Specialists Securities Litig., 503 F.3d 89, 95 (2d Cir. 2007). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint is not sufficient if it contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).

**IV.    DISCUSSION**

Defendants claim that Plaintiff's due process claims are untimely because they were brought more than three years after Plaintiff's loans were placed into default status in September 2007. Mot. at 3. Plaintiff's § 1983 claims are indeed governed by a three-year statute of limitations. See Cloverleaf Realty v. Town of Wawayanda, 572 F.3d 93, 94 (2d Cir. 2009). However, "a section 1983 cause of action accrues . . . when the plaintiff knows or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (quotations and citations omitted). According to the Complaint, Plaintiff first became aware that his loans had been placed in default status on February 11, 2010. Compl. at 4. The timeliness of Plaintiff's due process claims – filed on April 18, 2011 – therefore turns on whether Plaintiff should have known about his default status prior to April 18, 2008.

However, it is not necessary for the Court to reach this issue at this time.  Plaintiff litigated an identical claim in the District of Delaware, suing American Education Services and the United States Department of Education for violating his due process rights by placing his deferred student loans into default without notifying him, thereby preventing him from receiving funds to continue his education. Bridgeforth v. Am. Educ. Servs., 412 F. App'x 433 (3d Cir. 2011).  The Third Circuit affirmed the district court's dismissal of Plaintiff's due process claims as "frivolous," finding that Plaintiff had no property right in either "his loans' not going into default" or in "receiving additional federal grants or loans."  Id. at 435-36.  The Court adopts the reasoning of the Third Circuit, and dismisses Plaintiff's due process claims on that basis.

Finally, Plaintiff's antitrust claim is dismissed because there are insufficient allegations in Plaintiff's Complaint to suggest a plausible antitrust claim.  The three elements of an antitrust claim are: (1) a violation of antitrust law; (2) injury and causation; and (3) damages.  See In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 136 (2d Cir. 2001).  Plaintiff's Complaint contains only a naked assertion that Defendants violated relevant antitrust law, without allegations of any specific violation of law, any causally related injury, or any resulting damages; Plaintiff's antitrust claims are therefore also dismissed.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**;[1] and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   March 15, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[1] The Court notes that Plaintiff is a repeat litigator in this District and in many others. Plaintiff has been denied *in forma pauperis* status in accordance with the "three strikes" rule, and was recently barred from commencing litigation in this District without the prior approval of the Chief Judge. See Bridgeforth v. U.S. Navy Recruitment Office, Civ. No. 1:11-CV-431, 2011 WL 5881778 (N.D.N.Y. Nov. 23, 2011) (adopting report-recommendation).